James C. YOUNG *v.* STATE of Arkansas

CR 85-184                                        699 S.W.2d 398

Supreme Court of Arkansas
Opinion delivered November 18, 1985

*James C. Young, pro se.*

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner was tried in 1983 for a rape committed in 1979. When the jury failed to reach a unanimous verdict, the court declared a mistrial. Petitioner, who proceeded *pro se* at retrial in 1984, was convicted and sentenced to fourteen years imprisonment. The Court of Appeals affirmed. *Young v. State*, 14 Ark. App. 122, 685 S.W.2d 823 (1985). Petitioner now requests appointment of counsel and raises the following grounds for relief pursuant to our postconviction rule, Criminal Procedure Rule 37: (1) the Court of Appeals erred when it upheld the trial court's rulings that the delay in bringing the charge against him was not prejudicial and that he voluntarily waived his right to counsel; (2) witnesses at the second trial gave testimony which conflicted with their testimony at the first trial; (3) the trial court erred when it overruled his objection to the testimony of rebuttal witness Wanda Dollar; (4) he was placed in double jeopardy by being tried a second time; and (5) he was charged and convicted under an ex post facto law.

Allegations 1, 2 and 3 are not grounds for relief under Rule 37. Rule 37 affords a remedy when the sentence in a case was imposed in violation of the Constitution of the United States or of this State or is "otherwise subject to collateral attack." *Swisher v. State*, 257 Ark. 24, 514 S.W.2d 218 (1974); *Thacker v. Urban*, 246 Ark. 956, 440 S.W.2d 553 (1969); *Clark v. State*, 242 Ark. 584, 414 S.W.2d 601 (1967). It is not available to reargue issues decided on appeal or to argue issues which could have been raised at trial and on the record on appeal. *Swindler v. State*, 272 Ark. 340, 617 S.W.2d 1 (1981); *see also United States v. Frady*, 456 U.S. 152 (1982).

Allegation 4 would be grounds for relief if it had merit since a violation of the constitutional safeguards against placing a defendant in double jeopardy is sufficient to void a conviction.

*Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). Retrying a defendant when the jury is unable to reach a verdict, however, is not automatically a violation of the constitutional provision against double jeopardy, and petitioner has provided no proof that there was any barrier to retrying him.

Petitioner pointed out in a pretrial motion to dismiss that in 1979 when the crime was committed, rape was classified as a class A felony punishable by imprisonment for not less than five years nor more than fifty years, or life. Ark. Stat. Ann. §§ 41-1803 and 41-901 (Repl. 1977). In 1981 the statutes were amended to classify the crime of rape as a class Y felony punishable by a term of not less than ten nor more than forty years, or life. Ark. Stat. Ann. §§ 41-1803 and 41-901 (Supp. 1983).

The substantive law in effect when the crime is committed governs; therefore, if petitioner had secured a ruling on his motion or raised the issue when the jury was instructed, he would have been entitled to a jury instruction on rape as a class A felony. *Deaton* v. *State*, 283 Ark. 79, 671 S.W.2d 175 (1984); *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). He did not do so, and the jury subsequently returned a sentence of fourteen years, which was within the statutory range for either a class A or a class Y felony. As a result, petitioner suffered no actual prejudice from the error. Moreover, while the defendant who elects to represent himself has a constitutional right to do so, *Faretta* v. *California*, 422 U.S. 806 (1975), he is not excused from abiding by the rules. *Gilbert* v. *State*, 282 Ark. 504, 669 S.W.2d 454 (1984). Even questions of constitutional dimension are not preserved beyond direct appeal unless they present questions of such fundamental nature that the judgment is rendered absolutely void and open to collateral attack. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981). A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity. *Travis* v. *State*. None of the allegations in this petition is sufficient to render the judgment in petitioner's case a nullity.

Since petitioner has not demonstrated that he is entitled to proceed with an evidentiary hearing in circuit court, his request for appointment of counsel is denied. *See Dyer* v. *State*, 258 Ark. 494, 527 S.W.2d 622 (1975).

Petition denied.

PURTLE, J., not participating.