Samuel Dewayne WARD  *v.*  STATE of Arkansas

CA CR 06-444                                          248 S.W.3d 489

Court of Appeals of Arkansas
Opinion delivered January 31, 2007

*William R. Simpson, Jr.*, Public Defender, *K. Lloyd Warford*, Deputy Public Defender, by: *Clint Miller*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant Samuel Dewayne Ward was convicted of theft of property and possession of a firearm. He was sentenced as a habitual offender and received ten years' imprisonment for the theft-of-property conviction and fifteen years' imprisonment for the possession-of-a-firearm conviction. Ward raises two points on appeal. The first is that the trial court erred in granting the State's motion to amend the theft-of-property charge in the felony information after both parties had rested. The second is that the fifteen-year sentence for possession of a firearm is illegal. We affirm the theft-of-property conviction and modify the possession-of-a firearm sentence as set forth below.

At trial, Roderick Tatum testified that in the early morning of July 31, 2004, while sitting in his vehicle at an intersection, he was held up at gunpoint by an individual on foot. Tatum testified that his attacker had dreadlocks. The individual took Tatum's cell phone, wallet, and vehicle. Later that day, Tatum saw his vehicle parked at an apartment complex. While being observed by the police, a black man (later identified as Ward), exited the apartment complex, entered Tatum's vehicle, and drove away in the vehicle. The police apprehended Ward and found a gun and a dreadlock wig in the stolen vehicle. The felony information filed against Ward alleged the offenses of aggravated robbery, Class C felony theft of property, and Class D felony possession of a firearm.

Tatum further testified that just two weeks prior to the incident, he paid $5700 for the vehicle. Ward did not cross-examine Tatum on this issue or offer any other evidence concerning the value of the vehicle. After both parties rested, but before the case was submitted to the jury, the State requested that the felony information be amended according to the proof that Tatum paid $5700 for his vehicle. The amendment changed the Class-C theft-of-property charge to a Class-B theft-of-property charge. Ward objected, arguing that he was prejudiced because the State waited to make the request for an amendment until after both parties had rested — preventing him from challenging the testimony of Tatum regarding the value of his vehicle. The trial court allowed the amendment.

The jury found Ward not guilty of aggravated robbery but found him guilty of Class B theft of property and possession of a firearm. It was stipulated that Ward had two prior felony convictions, and the jury was asked to sentence Ward under the habitual-offender statute. The trial court instructed the jury that Ward's sentence range for the Class-B theft-of-property conviction was "not less than 5 years nor more than 30 years," and that the maximum sentence for the possession-of-a-firearm conviction was "up to 15 years." The jury sentenced Ward to ten years' imprisonment for the theft-of-property conviction and fifteen years' imprisonment for the possession-of-a-firearm conviction.

Ward's first point on appeal is that the trial court erred in allowing the State to amend the felony information after both parties rested. We review questions of statutory interpretation de novo. *Buckley v. State*, 349 Ark. 53, 61, 76 S.W.3d 825 (2002). A prosecuting attorney, with leave of the court, may amend an indictment as to matters of form, but not so as to change the nature or degree of the crime charged. Ark. Code Ann. § 16-85-407 (Repl. 2005). The State may amend an information up to a point after the jury has been sworn, but before the case has been submitted to it, as long as the amendment does not change the nature or degree of the crime charged, if there is no surprise. *Kilgore v. State*, 313 Ark. 198, 852 S.W.2d 810 (1993); *Wilson v. State*, 286 Ark. 430, 692 S.W.2d 620 (1985).

The amendment allowed by the trial court violates Ark. Code Ann. § 16-85-407 in that the amendment increased the degree of the offense from a Class C felony to a Class B felony. However, we note that while Ward did claim prejudice, he failed to ask the trial court for a continuance, tender proof of prejudice, or seek other alternative remedies. *See Holloway v. State*, 312 Ark. 306, 313, 849 S.W.2d 473, 477 (1993). Moreover, Ward suffered no prejudice as a result of the amendment. In *Holloway*, our supreme court affirmed an amendment to a felony information that changed the degree of the offenses charged against the defendant because no prejudice was detected. *Id*. In *Buckley v. State*, 349 Ark. 53, 64, 76 S.W.3d 825, 832 (2002), our supreme court further held that a defendant who received a sentence within the statutory range, short of the maximum sentence, cannot show prejudice from the sentence itself.

There was no prejudice to Ward in allowing the amendment. Ward's sentence for the Class-B theft-of-property conviction was ten years, which is less than the maximum sentence of thirty years for that offense. Ark. Code Ann.§ 5-4-501(a)(2)(C)

(Repl. 2006). The ten-year sentence is also less than the maximum sentence for the originally charged offense of Class C theft of property, which is twenty years. Ark. Code Ann. § 5-4-501(a)(2)(D). Because Ward suffered no prejudice as a result of the amendment, we affirm on this point.

■ Ward next argues that the fifteen-year sentence, under the habitual-offender statute, for the felony-possession conviction is illegal. While Ward raises this issue for the first time on appeal, because he is arguing that his sentence is illegal on its face, he may do so. *Bangs v. State*, 310 Ark. 235, 239, 835 S.W.2d 294, 295-96 (1992). Sentencing in Arkansas is entirely a matter of statute, which requires our court to review this question of statutory interpretation de novo. *Buckley, supra.* A sentence is void or illegal when the trial court lacks authority to impose it. *Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002). The maximum sentence for a Class D felony under the habitual-offender statute is twelve years. Ark. Code Ann. § 5-4-501(a)(2)(E). Therefore, the trial court had no authority to impose a fifteen-year sentence. When an error has nothing to do with the issue of guilt or innocence and relates only to punishment, we may correct it by reducing the sentence in lieu of reversing and remanding for a new trial. *Brown v. State*, 82 Ark. App. 61, 110 S.W.3d 293 (2003). Therefore, Ward's fifteen-year sentence for possession of a firearm is reduced to twelve years, the maximum allowed under the statute, and his sentence is affirmed as modified.

Affirmed as modified.

PITTMAN, C.J., and GRIFFEN, J., agree.