

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-13-994

| | |
|---|---|
| JAMES ANTHONY GOULD<br>APPELLANT | **Opinion Delivered** October 8, 2014 |
| V. | APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CR-2012-368] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BILL PEARSON, JUDGE |
| | AFFIRMED |

### DAVID M. GLOVER, Judge

James Anthony Gould was charged by criminal information in the Pope County Circuit Court with first-degree murder and aggravated robbery. A jury acquitted Gould of the murder charge but convicted him of aggravated robbery. He was sentenced to forty years in prison, with an additional fifteen-year sentence for use of a firearm during the commission of the aggravated robbery. The sentences were ordered to be served consecutively. Gould appeals, arguing (1) that there was insufficient evidence to convict him of aggravated robbery; (2) that the trial court erred in excluding Gould's expert witness; (3) that the trial court erred in refusing the proffered jury instruction regarding the crime of possession of a controlled substance; and (4) that the trial court erred in refusing the proffered jury instruction regarding self-defense. We affirm.

On August 26, 2012, Gould and his nephew, Leondre Gould, went to drug dealer Randall Boykin's house to steal his marijuana. Gould sent his girlfriend, Ashley Ojeda, who



had a baby with Boykin, to see if she could get some marijuana from Boykin; Gould thought that, with Ashley being there, Boykin would leave the door unlocked, would be unprotected, and that he and Leondre could just walk into the house and take the marijuana. Leondre had previously robbed Boykin twice and told Gould that it would be "easy" and that Boykin would not fight them.

Gould and Leondre drove to Boykin's house and placed red bandanas over their faces. Gould wore a fur-lined hat. As they walked up to Boykin's door and knocked, Gould was holding a .40-caliber pistol in his hand. Boykin looked out of the peephole, saw the two masked men, and warned them to get away from the door because he was "coming out shootin'." Leondre ran away; Gould and Boykin exchanged gun fire. Gould shot Boykin in the driveway of Boykin's home; when Gould went to see if Boykin was alive and take his gun, Gould's gun went off again. Boykin died from his injuries. Gould then went into Boykin's house and took 6.25 pounds of marijuana that testimony at trial established had a value of approximately $4,800.

## I. *Sufficiency of the Evidence*

Gould first argues that the evidence presented at trial was insufficient to support his aggravated-robbery conviction. A person commits aggravated robbery if he commits robbery as defined in § 5-12-102 and inflicts death upon another person. Ark. Code Ann. § 5-12-103(a)(3) (Repl. 2013). A person commits robbery if, with the purpose of committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102(a) (Repl. 2013).

In reviewing a challenge to the sufficiency of the evidence, the appellate court determines whether the verdict is supported by substantial evidence; that is, whether the evidence is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Sweet v. State*, 2011 Ark. 20, 370 S.W.3d 510. The evidence is viewed in the light most favorable to the verdict, and only the evidence supporting the verdict will be considered. *Id.*

At the close of the State's case, Gould moved for a directed verdict as to aggravated robbery on the basis that Boykin had no possessory interest in the property alleged to have been taken from him—the over six pounds of marijuana—because it was illegal for Boykin to possess the marijuana. Gould contended at trial, and now on appeal, that there cannot be a theft of property that would satisfy the robbery portion of the aggravated-robbery statute if the property in question is marijuana because it is illegal for an ordinary citizen to possess marijuana in Arkansas. We disagree.

In support of his argument, Gould cites *Daniels v. State*, 373 Ark. 536, 285 S.W.3d 205 (2008) (overturned due to legislative action in Act 460 of 2009), and *Heard v. State*, 2009 Ark. 546, 354 S.W.3d 49. Neither of these cases is dispositive of the issue in the present case; *Daniels* concerned the retaking possession of money lost while gambling, while the issue in *Heard* involved the forcible taking of money to recover a debt owed. These cases fail to support Gould's argument that contraband, in this case marijuana, cannot be owned simply because it is illegal. Our forfeiture statute provides, in pertinent part, that "[a]ny seized property shall be returned to the rightful owner or possessor of the seized property except

3



contraband owned by a defendant." Ark. Code Ann. § 5-5-101(a) (Repl. 2013). We note that the statute discusses disposition of seized contraband in the context of ownership, providing that contraband *owned* by a defendant will not be returned, thus recognizing the aspect of ownership, even if the property is contraband. We also note that our theft statutes define "property," in pertinent part, as tangible personal property that represents or embodies anything of value. Ark. Code Ann. § 5-36-101(7) (Repl. 2013). "Property of another person" is defined as any property in which any person other than the actor has a possesory or proprietary interest. Ark. Code Ann. § 5-36-101(8)(A). Clearly, marijuana has value—in this case, there was testimony that the marijuana was worth approximately $4,800—and is subject to possession. Marijuana, therefore, falls within the definitions of "property" and "property of another person" as set forth in the theft statutes. Here, there is sufficient evidence that Gould committed aggravated robbery, and his argument fails.

## II. *Exclusion of Expert-Witness Testimony*

Gould next argues that the trial court erred in excluding the expert testimony of attorney John Irwin. The decision of a circuit court to admit or exclude expert testimony is reviewed on an abuse-of-discretion standard. *Gordon v. State*, 2012 Ark. 398. The proffer of Irwin's testimony revealed that his testimony would be, in pertinent part, that a private citizen has no legal right to possess marijuana in Arkansas; that Boykin's possession of marijuana was not protected by law; and that because Boykin could not possess the marijuana, it was not his property. Based on our disposition of Gould's first argument, we hold that the trial court did not abuse its discretion in excluding Irwin's testimony.

SLIP OPINION

### III. & IV. *Jury Instructions*

Gould's last two points of appeal concern the trial court's refusal to give two jury instructions. A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999). The standard of review regarding the use of jury instructions is abuse of discretion. *Id.*

The first jury instruction at issue is a non-AMCI jury instruction that stated that it is unlawful for a person to possess a controlled substance. A non-AMCI instruction can only be given when the trial court determines that AMCI does not contain an instruction on a subject upon which the jury should be instructed or when an AMCI instruction cannot be modified to submit the issue. *Re: Arkansas Model Crim. Instructions*, 264 Ark. 967, (1979) (per curiam). Based on our disposition of Gould's first point on appeal, we determine that he cannot show that the trial court's refusal to instruct the jury as requested was an abuse of discretion, and we affirm on this point.

The second jury instruction concerns AMI Crim. 2d 705, which involves the justification of the use of deadly physical force in defense of a person. This jury instruction comports with Arkansas Code Annotated section 5-2-607 (Repl. 2013), which provides, in pertinent part:

Use of deadly physical force in defense of a person.

(a)     A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is:
    (1)     Committing or about to commit a felony involving force or violence;
    (2)     Using or about to use unlawful deadly physical force; or

(3)     Imminently endangering the person's life or imminently about to victimize the person as described in § 9-15-103 from the continuation of a pattern of domestic abuse.

(b)     A person may not use deadly physical force in self-defense if the person knows that he or she can avoid the necessity of using deadly physical force with complete safety:

(1)(A) By retreating.

(B) However, a person is not required to retreat if the person is:

(i) In the person's dwelling or on the curtilage surrounding the person's dwelling and was not the original aggressor; or

(ii) A law enforcement officer or a person assisting at the direction of a law enforcement officer; or

(2)     By surrendering possession of property to a person claiming a lawful right to possession of the property.

However, Gould's proffered instruction was an incorrect version of AMI Crim. 2d 705; it did not properly state the law, as it provided, in pertinent part:

A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided with complete safety,

(a) by retreating and was not the original aggressor.

It is an appellant's duty to submit a wholly correct instruction. *Ghoston v. State*, 84 Ark. App. 387, 141 S.W.3d 907 (2004). If an instruction does not contain a complete statement of the law, it is not error to refuse it. *Id.* Here, sub-part (a) of Gould's proffered instruction incorrectly merges the above–cited subsections (b)(1)(A) and (b)(1)(B)(i) of section 607. While the incorrectness of the proffered instruction here was not the basis for the circuit court's refusal to give it, we will affirm the circuit court's ruling if it reached the right result, even for the wrong reason. *Williams v. State*, 343 Ark. 591, 36 S.W.3d 324 (2001).

Affirmed.

HARRISON and WYNNE, JJ., agree.

*James Dunham*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.