

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–245

| | | |
|---|---|---|
| JOHN EARL ADAMS | | **Opinion Delivered** December 17, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-13-919] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant John Adams appeals from an order of the Pulaski County Circuit Court sentencing him to a total of nine years' imprisonment in the Arkansas Department of Correction. He argues that the sentences imposed by the circuit court exceeded the maximum sentences that could be imposed and were therefore illegal. We disagree and affirm.

Adams entered guilty pleas to five separate felony offenses in August 2008. In those five cases, the Pulaski County Circuit Court sentenced him to concurrent sentences of twenty years' imprisonment, with nine of those years suspended. In July 2010, Adams pleaded guilty to another felony; for this offense, he was sentenced to six years in prison with four years suspended. Subsequently, on the same date in March 2013, the State filed petitions

to revoke in all six felony cases, alleging that Adams had violated the terms of his suspended imposition of sentences (SIS) by committing two new counts of theft by receiving. Adams entered pleas of guilty to the six revocation petitions and to one count of theft by receiving. The guilty pleas were entered without a negotiated agreement for sentencing. As a result, the circuit court was to determine the sentence to be imposed.

The circuit court held a sentencing hearing at which counsel for both the State and Adams presented arguments pertaining to sentencing. The court sentenced Adams, in the five cases in which he originally received nine years' SIS, to nine years in prison; in the one case in which Adams had been sentenced to four years' SIS, the court sentenced him to four years' imprisonment. The six sentences were ordered to run concurrently, for a total of nine years.

On appeal, Adams argues that the sentences imposed by the circuit court were illegal.[1] He contends that the longest sentence the circuit court could have imposed upon revocation was fifty-seven months.

Sentencing in Arkansas is entirely a matter of statute, which requires our court to review this question of statutory interpretation de novo. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002); *Ward v. State*, 97 Ark. App. 294, 248 S.W.3d 489. Adams relies on

---

[1]As an initial point, Adams concedes that his appeal follows a guilty plea, from which ordinarily no direct appeal may be taken. "However, when the matter appealed is from a decision which was neither a part of the guilty plea accepted nor part of sentencing, where sentencing was an integral part of accepting the guilty plea, the appeal is allowed." *Green v. State*, 362 Ark. 459, 463, 209 S.W.3d 388, 341 (2005); *see also Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994) (appeal from error in sentencing where sentencing hearing was not an integral part of hearing on the guilty plea).

SLIP OPINION

Arkansas Code Annotated section 5-4-307(c) (Repl. 2006), which provides that "[i]f a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment." He asserts that, under this statute, the nine-year periods of SIS began to run on the day he was released from the Arkansas Department of Correction, or July 7, 2009. Adams pleaded guilty to the revocation petitions on October 28, 2013. Adams therefore maintains that the time period between July 7, 2009, and October 28, 2013 (four years and three months, or fifty-one months), along with his original eleven-year sentence of imprisonment, should have been counted against the original maximum sentences of twenty years for each of his original offenses. Thus, he concludes that the longest sentence the circuit court could have imposed upon revocation was fifty-seven months.[2]

In making this argument, Adams relies on *Chadwell v. State*, 80 Ark. App. 133, 91 S.W.3d 530 (2002), and *Lyons v. State*, 35 Ark. App. 29, 813 S.W.2d 262 (1991). In *Chadwell*, this court held that where a circuit court imposes a sentence for a specific number of years, and suspends a portion of it, the sentence has been imposed, and the suspended portion begins to run when the defendant is released from confinement. Thus, the circuit court in that case lacked authority to sentence Chadwell to ten years' incarceration following revocation of his SIS, when only eight years remained on his suspended sentence. *Chadwell*,

---

[2]Twenty years (240 months) minus eleven years (132 months) minus 51 months equals 57 months.

80 Ark. App. at 135–36, 91 S.W.3d at 531. Similarly, in *Lyons*, this court held that the appellant could not be required, after revocation, to serve more than the remainder of his original sentence. *Lyons*, 35 Ark. App. at 31, 813 S.W.2d at 263.

Adams's reliance upon *Chadwell* and *Lyon* is misplaced. In both of those cases, the defendants were convicted prior to the enactment of Act 1569 of 1999, which amended Arkansas Code Annotated section 5-4-301. Prior to Act 1569, supreme court case law stood for the proposition that a trial court lost jurisdiction to modify or amend an original sentence once that sentence was put into execution. *See Moseley v. State*, 349 Ark. 589, 80 S.W.3d 325 (2002); *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001). Act 1569, however, specifically authorized trial courts to modify original court orders and even add penalties to those orders up to the statutory limits. *See Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. In addition, the Act permitted trial courts to modify sentences during a revocation proceeding if the Act was in effect at the time the original crime was committed. *Id.* Following the amendment, section 5-4-301(d)(2) (Repl. 2006) provides that the "entry of a judgment of conviction does not preclude . . . [t]he modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to § 16-93-307."

Moreover, pursuant to Arkansas Code Annotated section 5-4-309(f)(1)(A) (Repl. 2006),[3] "[i]f a court revokes a suspension or probation, the court may enter a judgment of

---

[3]Section 5-4-309 was repealed by Act 570 of 2011 and recodified at Arkansas Code Annotated section 16-93-308 (Supp. 2013).

conviction and may impose *any sentence* on the defendant *that might have been imposed originally for the offense of which he or she was found guilty.*" (Emphasis added.) Thus, a circuit court is authorized, following revocation, to modify the original order and impose any sentence that appellant originally could have been given. *Maldonado v. State*, 2009 Ark. 432; *Whitson v. State*, 2014 Ark. App. 283.

In the present case, Adams pleaded guilty to Class B, C, and D felony offenses. The criminal informations in those cases alleged that he was a habitual offender, having been previously convicted of four or more felonies. Thus, at the time of his guilty pleas, he faced maximum sentences of forty years for the B felony, thirty years for the C felonies, and fifteen years for the D felony. *See* Ark. Code Ann. § 5-4-501(b)(2) (Repl. 2006). The nine-year sentence imposed by the circuit court following revocation was, therefore, lawfully within the range of sentences that Adams originally could have been given. Accordingly, the circuit court did not impose an illegal sentence on Adams.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Cheryl Barnard*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.