Cite as 2022 Ark. App. 468

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-22-287

|  |  |
|---|---|
| JONATHAN MARTIN LAWRENCE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered November 16, 2022<br><br>APPEAL FROM THE DREW COUNTY<br>CIRCUIT COURT<br>[NO. 22CR-21-34]<br><br>HONORABLE ROBERT B. GIBSON<br>III, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Jonathan Martin Lawrence pleaded guilty in the Drew County Circuit Court to possession of drug paraphernalia, a Class D felony. He was sentenced by a jury as a habitual offender to fifteen years' imprisonment. His sole point on appeal is that the circuit court erred in overruling his objection to the State's proffered jury instructions and verdict form. We affirm.

Lawrence pleaded guilty to a crime he committed on December 8, 2020. After the plea, the State presented a packet of information to the circuit court for the sentencing hearing that included evidence of Lawrence's previous five offenses and proposed jury instructions. Because Lawrence was a habitual offender, he was subject to an enhanced sentence pursuant to Arkansas Code Annotated section 5-4-501(b) (Supp. 2021), which

authorizes a term of imprisonment of "not more than fifteen (15) years" for a habitual offender convicted of a Class D felony. The State informed the court that the habitual-offender statute had been amended from stating that a defendant "*may be sentenced* to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment"—in this case, not more than fifteen years—to stating that a defendant "may be sentenced to pay any fine authorized by law for the felony conviction *and shall be sentenced to an extended term of imprisonment*." Ark. Code Ann. § 5-4-501(b)(1) (Repl. 2020) & (Supp. 2021) (emphasis added).[1] The State argued that this statutory modification mandated prison time. Lawrence contended that it did not mandate prison time, arguing that the jury could still impose no prison time at all. The court agreed with the State and opined that the new statute required the jury to impose at least one day of prison time.

The jury instructions given by the court that are relevant to this appeal include the following:

> The offense of possession of drug paraphernalia to inhale methamphetamine, when committed by a habitual offender is punishable by imprisonment for a term of not more than 15 years and a fine up to $10,000.
>
> . . . .
>
> After hearing arguments of counsel, you will retire to consider and complete the following verdict form. I have it with me, and it reads, We the jury fix the sentence of Jonathan Lawrence at a term of – and there is a blank – in the Department of Correction and a fine of – and there is a blank – and it needs to be signed by the foreman. Underneath there it says "not more than 15 years," so that is your range. And if you choose a fine, it is not to exceed $10,000.

---

[1]The amendment to the statute took effect on July 28, 2021.

The State did not mention the jury instructions or Lawrence's possible sentence of imprisonment in its closing argument except to recommend that the jury sentence Lawrence to a minimum of six years' imprisonment. Lawrence's counsel stated in closing argument that Lawrence faced a possible sentence of "up to 15 years" in prison and a fine of "up to $10,000," explaining that the jury could impose a term of imprisonment "for as little as one day." Counsel then argued,

> Now, I'm not here to say that perhaps one day is a sufficient kind of sentence in this type of case, but you can impose a sentence of one year, two years, three years. And when you look at the specific charge, I think that is the range that I think would be justifiable in this type of case given the circumstances of this case.

The jury's completed verdict form, as signed by the jury foreman and sentencing Lawrence to fifteen years' imprisonment and no fine, is set out below.

AMCI 2d 9312
VFSTAGE TWO: STANDARD VERDICT FORM1 (2)/3/4/5/6/7/8/9/10/11/12PM)
We, the Jury, fix the sentence of Johnathan Lawrence at a term of
fifteen Years in the Arkansas Department of Correction
(not more than 15 years)
and a fine of $ 0.00 (No fine)
(not to exceed $10,000.)

On appeal, Lawrence contends that the court erred in overruling his objection to the jury instructions and verdict form because the statute had not been amended at the time his crime was committed and did not contain the word "shall." He argues that the court failed to allow the jury to consider the lawful possible verdict of no imprisonment.

A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support giving the instruction. *Gould v. State*, 2014 Ark. App. 543, at 5, 444 S.W.3d 408, 411. This court reviews a circuit court's decision regarding the use of jury instructions for abuse of discretion. *Id.* The jury instructions at issue in this case involve Lawrence's possible sentence of imprisonment. Sentencing in Arkansas is entirely a matter of statute, *Donaldson v. State*, 370 Ark. 3, 7, 257 S.W.3d 74, 77 (2007), and shall be in accordance with the statute in effect at the time of the commission of the crime—here, December 2020. The State concedes that the circuit court erred by relying on the amended version of Ark. Code Ann. § 5-4-501(b) since it was not effective until July 2021, six months after Lawrence had committed his crime. However, the State contends that there is no reversible error because the court correctly instructed the jury that the sentencing range was "not more than 15 years."

We turn to the relevant statute in effect at the time the crime in this case was committed.

> (b)(1) A defendant meeting the following criteria [includes a defendant convicted of four or more felonies] may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (b)(2) of this section[.]
>
> . . .
>
> (2) The extended term of imprisonment for a defendant described in subdivision (b)(1) of this section is as follows:
>
> . . .

4

> (E) For a conviction of a Class D felony, a term of imprisonment of not more than fifteen (15) years.

Ark. Code Ann. § 5-4-501 (Repl. 2020).

The statute specifically provides that a habitual offender who commits a Class D felony may be sentenced to a term of imprisonment "of not more than fifteen (15) years," which is precisely what the jury instructions and the verdict form in this case provided. A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support giving the instruction. *Gould*, 2014 Ark. App. 543, at 5, 444 at S.W.3d at 411. Consequently, we hold that the circuit court's instruction was proper, and the court did not abuse its discretion in giving it. Moreover, Arkansas case law provides that "up to" and "not more than" a particular number of years in the Arkansas Department of Correction includes zero. *See Donaldson*, 370 Ark. at 8, 257 S.W.3d at 78; *Slaughter v. State*, 69 Ark. App. 65, 12 S.W.3d 240 (2000). Furthermore, Lawrence did not proffer an alternative instruction or verdict form, leaving us to speculate exactly what he would have proposed instead. To preserve an objection to an instruction for appeal, an appellant must proffer the proposed instruction to the circuit court and include it in the record on appeal to enable this court to consider it. *Sipes v. State*, 2012 Ark. App. 261, at 9, 404 S.W.3d 164, 170.

Finally, even if we were to find that the court erred in giving the jury instruction, Lawrence has not demonstrated that he was prejudiced, and absent a showing of prejudice, we will not reverse. *Hayes v. State*, 2018 Ark. App. 158, at 3, 544 S.W.3d 587, 589. Lawrence

argues that the jury did not understand it could have imposed a sentence of zero years' imprisonment. Here, the instructions and verdict form authorized the jury to impose "no more than fifteen years." The jury imposed the maximum sentence of fifteen years. It strains credulity to argue that the jury would have recommended zero years' imprisonment had it clearly been given this option. *See Huggins v. State*, 2021 Ark. App. 218, at 5, 624 S.W.3d 342, 345. One who is sentenced to the maximum applicable imprisonment cannot show prejudice from an instruction that overstated the applicable minimum. *See, e.g., Young v. State*, 287 Ark. 361, 363, 699 S.W.2d 398, 399 (1985); *see also Ward v. State*, 97 Ark. App. 294, 248 S.W.3d 489 (2007).

We hold that the circuit court did not abuse its discretion in instructing the jury.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.