Cite as 2025 Ark. 146

# SUPREME COURT OF ARKANSAS

**No.** CR–24–640

|  |  |  |
|---|---|---|
| ERIC FRANCIS | | **Opinion Delivered:** October 2, 2025 |
| | APPELLANT | <u>DISSENTING OPINION FROM DENIAL OF PETITION FOR REVIEW</u>. |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |

**NICHOLAS J. BRONNI, Associate Justice**

The court of appeals held that Eric Francis couldn't challenge an evidentiary error in his sentencing proceeding because he was sentenced to less than the statutory maximum. *Francis v. State*, 2025 Ark. App. 214, at 15, 711 S.W.3d 308, 318. It rested that conclusion on language in *Tate v. State* suggesting that "a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence." 367 Ark. 576, 583, 242 S.W.3d 254, 260–61 (2006) (per curiam). *Tate* didn't even attempt to justify that conclusion. Nor is it clear it could have. I'd grant the petition for review and reconsider *Tate*'s unsupported assertion.

*Tate*'s explanation for its per se rule against challenges to penalty-phase evidentiary errors has little, if any, support. At best, *Tate* claims to have derived that rule from *Young v. State*, 287 Ark. 361, 699 S.W.2d 398 (1985). *See Tate*, 367 Ark. at 583, 242 S.W.3d at 261. But *Young* isn't about evidentiary errors and doesn't say anything about whether such errors could prejudice a sentence. Rather, *Young* was about collateral review and the ex post facto

clause. It held that the defendant in that case couldn't establish prejudice, on collateral review, simply by pointing out that he was improperly sentenced under a new statutory regime when the sentence he received would have been permitted by the old regulatory regime. *Young*, 287 Ark. at 363, 699 S.W.2d at 399. Right or wrong, that's fundamentally different from a claim—as in this case or in *Tate*—that, but for the evidentiary error, a defendant might have received a different sentence.

Moreover, even if *Tate* didn't misread *Young*, we should grant the petition and reconsider *Tate*. Just because a defendant didn't receive the maximum sentence doesn't mean there weren't any prejudicial errors. On the contrary, absent an evidentiary or other error, a defendant might have received a lesser sentence. *See Edwards v. State*, 2017 Ark. 207, at 7, 521 S.W.3d 107, 113 (defendants who receive less than the maximum may still demonstrate prejudice in "some other manner"). That's precisely what Francis attempted to demonstrate here: he argued that the prosecution improperly presented evidence at sentencing and that without that evidence he might have received a lesser sentence. That claim may succeed, or it may fail—but it shouldn't be brushed aside with a judicial handwave. I'd grant Francis's petition for review and respectfully dissent from the majority's decision to deny it.

WEBB, J., joins.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.