

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-384

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** February 12, 2014 |
| LEONARD LEON BEAN | | APPEAL FROM THE SEBASTIAN |
| | APPELLANT | COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| | | [No. CR-11-409] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Leonard Bean appeals from the order entered by the Sebastian County Circuit Court, finding him guilty of two counts of second-degree sexual assault and one count of attempted rape. He was sentenced to a total of seventy years' imprisonment along with a $15,000 fine. On appeal, Bean argues that the trial court (1) abused its discretion by denying his motion for continuance, (2) abused its discretion by excluding relevant evidence of the victim's prior sexual conduct and "alternate sexual knowledge," and (3) erred by permitting the State to make two amendments to the felony information. We affirm.

Bean does not challenge the sufficiency of the evidence; therefore, only a brief summary of the facts is necessary. Bean (DOB May 24, 1946) was charged by felony information on May 5, 2011, with second-degree sexual assault. The affidavit for the warrant for his arrest alleged that between April 29, 2007, and April 28, 2008, he committed the offense of sexual assault in the second degree, being eighteen years of age or older and having engaged in sexual contact

with another person, T.H., who was less than fourteen years of age and not his spouse. While Bean was charged with only one offense, the affidavit alleged that T.H., who was seven years old at the time and was Bean's wife's nephew's daughter, reported that Bean engaged in sexual contact with her on three separate occasions—once at a residence and twice in a car parked at Wal-Mart.

On October 20, 2011, Bean filed a motion to dismiss, claiming that the alleged second-degree sexual-assault charge was committed during the same criminal episode as Crawford County cases previously filed against him for rape and sexual-assault.[1] The trial court entered an order denying the motion to dismiss, and Bean filed an interlocutory appeal. In *Bean v. State*, 2012 Ark. App. 643, we affirmed the trial court's denial of Bean's motion to dismiss.

Bean's jury trial was set for January 15, 2013. Approximately three weeks prior to trial, the State moved to amend the felony information to add a second count of sexual assault in the second degree and one count of attempted rape. Bean moved to dismiss the State's amended information, arguing that it constituted unfair surprise, required a new round of discovery and intensive investigation, was untimely, and was prejudicial. The trial court denied the motion.

In a pretrial hearing, Bean's counsel moved for a continuance, arguing that he needed additional time to prepare his defense to the attempted-rape charge. Bean's counsel also told the trial court that he had been having a medical problem with his leg that caused pain for which he was taking prescription narcotics. Counsel asked for a continuance, stating "I would rather not

---

[1]On April 28, 2010, a Crawford County jury acquitted Bean of rape. On March 16, 2011, the Crawford County Circuit Court dismissed a second-degree sexual-assault charge filed against Bean after he was acquitted of rape. In both of those Crawford County cases, T.H. was the alleged victim.

have to try this case on hydrocodone. I just think that I could do a better job if I weren't." The trial court denied the motion for continuance.

At the same pretrial hearing, the State argued its motion to exclude evidence of the victim's prior sexual conduct, claiming it would violate the rape-shield statute. In response, Bean argued that he had two witnesses, females the same age as the victim, who were expected to testify that when they were all in elementary school, the victim put her hands down their pants. Bean also sought to introduce evidence of the victim's specific knowledge about sexual matters. He claimed this evidence was relevant, and therefore admissible, because it demonstrated that T.H. had advanced knowledge about sexual matters and was sexually aggressive. The trial court disagreed and granted the State's motion, excluding the evidence.

At trial, T.H., who was thirteen years old, told the jury about two incidents, when she was seven years old, when she and Bean were waiting in a car in the Wal-Mart parking lot while her great aunt shopped inside. T.H. testified that on those occasions, Bean grabbed her hand, put it on his penis (on the outside of his pants), and rubbed her hand up and down over him. She told the jury about another occasion, when she was seven and was at one of Bean's rent houses, where he pulled his pants down, pushed her down, and tried to force his penis into her mouth. He also pulled her shirt up and licked her chest.

Several other witnesses testified, including T.H.'s father; the father of T.H.'s friend, to whom T.H. first reported the incidents; an investigator with the Arkansas State Police; a Fort Smith Police Officer; a patrol officer with the Arkansas State Police; a relative of Bean and the victim; one of T.H.'s former teachers; Bean's wife; and a former girlfriend of T.H.'s father. Bean

proffered the testimony of two girls, K.M. and M.C., who were fourteen years old at the time of trial and were in elementary school with T.H. There was also in camera testimony from T.H., proffered by Bean, describing her knowledge about sexual matters. Finally, Bean's recorded statement was introduced into evidence. In that statement, Bean admitted that he had touched T.H.; that on more than one occasion T.H. climbed on top of him while he was lying in bed and tried to insert his penis into her vagina; that her hand had been on his penis through his clothes; that T.H. would take his hand and "guide" it "on spots" "anywhere she'd feel—feel like she needed my hand"; and that she grabbed his hand "[a]nd went through the masturbating, uh, action."

At the conclusion of the trial, the jury found Bean guilty of both counts of sexual assault in the second degree and of attempted rape. The trial court entered a sentencing order on January 18, 2013. Bean appealed from the sentencing order on February 4, 2013. Thereafter, on February 15, 2013, Bean filed a motion to substitute counsel and a motion for new trial, alleging ineffective assistance of counsel due to his counsel's pain and consumption of prescription narcotics. In a letter filed February 19, 2013, the trial court cited Ark. R. App. P.–Crim. 16(a)(iii), and found that it did not have the authority to grant the motions filed by Bean because Bean's notice of appeal had been filed and the appellate court had exclusive jurisdiction to release counsel and appoint new counsel. The trial court wrote that Bean's motions "will not be dealt with by this Court at this time."

Bean's first point on appeal is that the trial court abused its discretion in denying his motion for continuance. Bean argues that his counsel's statements concerning his leg pain and

SLIP OPINION

consumption of prescription narcotics, coupled with his subsequent representation at trial, resulted in an ineffective-assistance-of-counsel claim and a deprivation of his Sixth Amendment right to counsel. Bean further argues that his counsel's in-court statements should have alerted the trial court and caused it to conduct "a meaningful inquiry" into the level of counsel's competence or lack thereof.

While Rule 37 of the Arkansas Rules of Criminal Procedure provides the primary vehicle for postconviction relief due to ineffective assistance of counsel, such relief may be awarded a defendant on direct appeal in limited circumstances. In order for a defendant to argue ineffective assistance of counsel on direct appeal, he must first have presented the claim to the lower court either during the trial or in a motion for new trial. *VanOven v. State*, 2011 Ark. App. 46, at 8–9, 380 S.W.3d 507, 513. The reason for this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Id.* at 9, 380 S.W.3d at 513. The trial court is in a better position to assess the quality of legal representation than we are on appeal. *Id.*, 380 S.W.3d at 513. Our supreme court has clearly held that a direct appeal on a claim of ineffective assistance of counsel is appropriate only when it is raised before the trial court and the facts and circumstances surrounding the claim have been fully developed at the trial level. *Rounsaville v. State*, 374 Ark. 356, 361, 288 S.W.3d 213, 217 (2008). Therefore, ineffective-assistance claims that are not made below will not be considered for the first time on direct appeal. *VanOven*, 2011 Ark. App. 46, at 8, 380 S.W.3d at 513.

At no time before the entering of the sentencing order or the notice of the appeal of that order did Bean argue an ineffective-assistance-of-counsel claim.[2] Therefore, no evidentiary hearing was conducted and no findings of competency were made. It was not until *after* the sentencing order was entered, and *after* Bean filed a notice of appeal of that sentencing order, that he filed motions for substitution of counsel and for a new trial, alleging—for the first time—ineffective assistance of counsel. We acknowledge that one way a defendant may raise a claim of ineffective assistance of counsel in the trial court is by filing a motion for a new trial pursuant to Rule 33.3 of the Arkansas Rules of Criminal Procedure. *Rounsaville*, 374 Ark. at 361, 288 S.W.3d at 217. However, as set forth above, the trial court did not enter an order ruling on these motions. And a sufficient order on which we can conduct an appellate review of such a claim is required. *Maxwell v. State*, 359 Ark. 335, 339, 197 S.W.3d 442, 445 (2004). To the extent it could be argued that the motion for new trial was "deemed denied," eliminating the need for a formal order, this argument is flawed for two reasons. First, our supreme court has held that a "deemed denied" ruling is an insufficient order from which to raise on direct appeal a claim of ineffectiveness because such a ruling necessarily precludes any consideration by the trial court of the relevant facts pertaining to the claim. *Id.* at 339, 197 S.W.3d at 444–45. Second, Bean did not file an amended notice of appeal within thirty days from the "deemed denied" posttrial ruling; accordingly, any arguments raised in Bean's posttrial motions are not preserved for

---

[2]At oral argument, in response to preservation concerns, Bean's counsel conceded that he was "cobbling" the ineffective-assistance-of-counsel argument (which was not made prior to the filing of his notice of appeal) to his motion for continuance (which was made prior to trial). Moreover, he cited no authority supporting his position that moving for a continuance based on counsel's pain and consumption of prescription narcotics was sufficient to preserve an ineffective-assistance-of-counsel claim.

appeal. *Ayala v. State*, 365 Ark. 192, 194, 226 S.W.3d 766, 768 (2006) (citing Ark. R. App. P.–Crim. 2(b)(2)).

In sum, we are unable to reach the merits of Bean's ineffective-assistance-of-counsel argument on direct appeal. We have nothing other than Bean's bare allegations of ineffective assistance of counsel set out in his posttrial motion. Therefore, we are unable to consider the merits of this claim, and accordingly, we are unable to hold that the trial court abused its discretion in denying Bean's motion for continuance on that basis. We affirm on this point.

For his second point on appeal, Bean argues that the trial court abused its discretion in excluding evidence, pursuant to the rape-shield statute, of two of T.H.'s former elementary-school classmates. The excluded evidence includes the in camera testimony of K.M. and M.C., who testified that when they were in elementary school with T.H., she put her hand down their pants, touching K.M's buttocks and M.C.'s vaginal area. Bean argued that the evidence was relevant because it demonstrated that T.H. had the "propensity and proclivity" to touch people in public places without consent, which was consistent with evidence that T.H. had "thrust" herself on Bean and grabbed his penis. Bean also argued that the evidence was relevant because it disproved the element of sexual contact, which is required for sexual assault,[3] because it showed that Bean did not contact T.H. for sexual gratification but rather to fend off her

---

[3]A person commits the offense of second-degree sexual assault if he, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2011). "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(10) (Supp. 2011).

SLIP OPINION

advances. The trial court excluded the proffered evidence, finding it was irrelevant because it was not similar to the charges against Bean and consent was not at issue in the case.

The rape-shield statute, Arkansas Code Annotated section 16-42-101 (Repl. 1999), was enacted with the purpose of protecting victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Keller v. State*, 371 Ark. 86, 89, 263 S.W.3d 549, 551 (2007). The statute provides that in a criminal prosecution for a sex crime the following evidence is not admissible:

> [O]pinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

Ark. Code Ann. § 16-42-101(b). A defendant may, however, file a rape-shield motion requesting that the trial court make a determination as to the admissibility of the proposed evidence. Ark. Code Ann. § 16-42-101(c)(1). Upon holding a hearing, if the trial court determines that the offered proof is relevant to a fact in issue, "and that its probative value outweighs its inflammatory or prejudicial nature," the trial court may grant the defendant's motion to admit the evidence. Ark. Code Ann. § 16-42-101(c)(2)(C). Thus, the rape-shield statute is not a complete bar to the introduction of evidence of a victim's prior sexual conduct, but the trial court is vested with a great deal of discretion in ruling whether the evidence is relevant. *Keller*,

8

SLIP OPINION

371 Ark. at 89–90, 263 S.W.3d at 552. We will not reverse the trial court's decision as to the admissibility of rape-shield evidence unless its ruling constituted clear error or a manifest abuse of discretion. *Id.* at 90, 263 S.W.3d at 552.

We hold that the trial court's ruling, excluding the testimony of K.M. and M.C. pursuant to the rape-shield statute, did not constitute clear error or a manifest abuse of discretion. The excluded testimony about T.H. putting her hands down the pants of two of her classmates is not similar to the testimony T.H. gave detailing what Bean did to her on the three occasions in question. The parties involved in the former allegations were all elementary-school-aged children, while the parties involved in the later allegations involved a seven-year-old child and a sixty-year-old man. The nature and extent of the touching alleged by K.M. and M.C. was not similar to the nature and extent of the touching alleged by T.H. Finally, unlike the allegations made by K.M. and M.C., the allegations T.H. made against Bean did not occur in public places. The attempted rape occurred in the privacy of Bean's rent house, and the second-degree sexual assaults occurred in the privacy of Bean's vehicle.

And while Bean contends that the evidence is relevant to show that T.H. was the aggressor or initiated the contact, this is effectively an argument that T.H. consented to Bean's sexual contact. Our supreme court has held that when consent is not an issue,[4] whether the victim had sexual relations with a third person is entirely collateral, and therefore is not relevant.

---

[4]Arkansas Code Annotated section 5-14-103(a)(3)(A) (Repl. 2006) provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Section 5-14-103(b) further provides that it is no defense to a prosecution under subdivision (a)(3) that the victim consented to the conduct. Therefore, consent is not at issue in this case.

*State v. Townsend*, 366 Ark. 152, 156, 233 S.W.3d 680, 683 (2006). In cases involving the rape of a minor, our supreme court has uniformly and consistently excluded evidence of the minor's prior sexual activity, because in those cases the only two issues to be determined are the fact of the occurrence of the prohibited activity and the age of the minor. *Id.* at 156, 233 S.W.3d at 683. Anything not pertaining to one of those two issues is not relevant in cases involving the rape of a minor. *Id.*, 233 S.W.3d at 683.

Furthermore, we reject Bean's argument that the excluded evidence was relevant to show that his contact with T.H. was not sexual in nature because he was merely defending himself from her sexual advances. Whether T.H. put her hands down the pants of two of her classmates simply does not have any probative value on whether Bean's contact with T.H. was sexual in nature.

Under this same point, Bean argues that the trial court abused its discretion in excluding evidence of T.H.'s "alternate sexual knowledge." The excluded evidence includes the in camera testimony of T.H. recalling her testimony from Bean's Crawford County rape trial that she had seen and/or was familiar with various sexual matters. Bean argued that the evidence was relevant and therefore admissible because it demonstrated that she had specialized knowledge of sex at a young age. The trial court excluded the evidence, finding it was not relevant.

Bean contends on appeal that this evidence was relevant under *State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006). In *Townsend*, the trial court granted the defendant's motion to admit evidence that the victim had been sexually assaulted two years prior. 366 Ark. at 154–55, 233 S.W.3d at 682. The State appealed, and the defendant argued that the evidence was relevant

because the victim's knowledge of sexual matters could have been attributed to the prior encounter and not the defendant. *Id.* at 157, 233 S.W.3d at 684. In determining whether such evidence was admissible, our supreme court adopted a relevancy test articulated in *State v. Pulizzano*, 456 N.W.2d 325 (Wis. 1990). *Id.* at 158, 233 S.W.3d at 685.

However, Bean did not advance the *Townsend* relevancy test below. Therefore, there are no findings and no ruling made by the trial court related to this test. Nevertheless, Bean did preserve a general relevancy argument for appeal. And on that point we hold that the trial court did not abuse its discretion in excluding the proffered testimony about T.H.'s knowledge of sexual matters. What T.H. knew about sex as a seven year old is not relevant to whether Bean sexually assaulted her or attempted to rape her. Also, Bean suffered no prejudice resulting from the exclusion of this proffered evidence. *Decay v. State*, 2009 Ark. 566, at 9, 352 S.W.3d 319, 327 (holding that an appellate court will not reverse a trial court's evidentiary ruling absent a showing of prejudice). T.H.'s knowledge about sexual matters was admitted into evidence from another source, i.e., Bean's statement to investigators in the Crawford County case. Thus, he suffered no prejudice, and we affirm on this point.

Bean's third point on appeal contains two arguments, both of which involve amendments to the felony information. The first is that the trial court erred by permitting the State, three weeks prior to trial, to amend the information to include an additional second-degree sexual-assault charge and an attempted-rape charge. The second argument is that the trial court erred by permitting the State, during trial, to amend the information, changing the time period of the

11

alleged occurrence from April 29, 2007, to April 29, 2006. For both points, Bean argues that the amendments resulted in unfair surprise and prejudice.

The State is entitled to amend an information at any time prior to the case being submitted to the jury so long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *Stewart v. State*, 338 Ark. 608, 612, 999 S.W.2d 684, 687 (1999). The mere fact that an amendment authorizes a more severe penalty does not change the nature or degree of the crime. *Id.*, 999 S.W.2d at 687.

Bean suffered no unfair surprise as a result of the amendment to the information adding the second sexual-assault and attempted-rape charges. The record reflects that on September 13, 2011, the State forwarded a facsimile transmission to Bean's counsel advising that should the case proceed to trial, the State would amend the information to include the two new charges. Furthermore, the State forwarded a letter to Bean's counsel on October 19, 2011, advising once again that should the case proceed to trial, the State would amend the information to include the two additional charges. Because Bean was advised nearly two years prior to trial that the amendments were possibilities should a plea agreement not be reached, his claim of unfair surprise is not well taken.

Likewise, we hold that Bean was not unfairly surprised by the State's amendment that changed the time period of the alleged offense. The information stated the offense date as April 29, 2007, and the affidavit for the warrant of arrest alleged that the offenses occurred between April 29, 2007, and April 28, 2008. The affidavit for the warrant of arrest also stated that the allegations occurred when T.H. was seven years old. Because T.H. was born April 29, 1999, the

reference to T.H.'s age would have had the charged conduct occurring in 2006. At a minimum, the inconsistencies between the allegations in the information and arrest warrant affidavit concerning when the offenses occurred should have alerted Bean that the time of the charged conduct could have been in 2006.

Moreover, Bean cannot show that he was prejudiced by the amendment that changed the time of the alleged offenses. Generally, the time a crime is alleged to have occurred is not of critical significance, unless the date is material to the offense. *Martin v. State*, 354 Ark. 289, 295, 119 S.W.3d 504, 508 (2003) (citing Ark. Code Ann. § 16-85-405(d) (Repl. 2005)). This is particularly true with sexual crimes against children and infants. *Martin*, 354 Ark. at 295, 119 S.W.3d at 508. Any discrepancies in the evidence concerning the date of the offense are for the jury to resolve. *Id.*, 119 S.W.3d at 508. In cases of rape, the evidence is sufficient if the victim gave a full and detailed accounting of the defendant's actions. *Id.*, 119 S.W.3d at 508. Moreover, where the defense is that the sexual acts never occurred and were entirely fabricated, the lack of exact dates is not prejudicial to the defendant. *Id.* at 295–96, 119 S.W.3d at 508.

In the instant case, Bean cannot establish that his rights were prejudiced because the exact dates of the offenses are immaterial. *Id.* at 295, 119 S.W.3d at 508. The testimony of T.H. showed that Bean attempted to rape her and had sexual contact with her while she was under the age of fourteen. Whether she was six or seven is of no significance. Also, Bean's defense was that he did not attempt to rape T.H. and had no sexual contact with her—the only contact he had with her resulted when he resisted her advances. In other words, he contends that the sexual acts alleged by T.H. never occurred. In such circumstances, the lack of exact dates is not

prejudicial. *Id.* at 295–96, 119 S.W.3d at 508. For these reasons, we hold that the trial court did not err by permitting the State to amend the information to include the additional sexual-assault and attempted-rape charges and to change the alleged time of offense, and we affirm on this point.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Joel W. Price*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

SLIP OPINION