SLIP OPINION

Cite as 2015 Ark. 136

# SUPREME COURT OF ARKANSAS

No. CR-13-384

| | |
|---|---|
| LEONARD L. BEAN<br>　　　　　　　　PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br>　　　　　　　　RESPONDENT | Opinion Delivered April 2, 2015<br><br>PRO SE PETITIONS TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND FOR CERTIORARI TO COMPLETE THE RECORD [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-11-409]<br><br>PETITIONS DENIED. |

**PER CURIAM**

In 2013, petitioner Leonard L. Bean was found guilty by a jury in the Sebastian County Circuit Court, Fort Smith District, of attempted rape and two counts of sexual assault in the second degree. He was sentenced to an aggregate term of 840 months' imprisonment. The Arkansas Court of Appeals affirmed. *Bean v. State*, 2014 Ark. App. 107, 432 S.W.3d 87. Petitioner has now filed a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] He has also filed a petition for writ of certiorari to add material to the record in support of the claims in the petition to reinvest jurisdiction in the trial court.

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal

---

[1]The petition was assigned the same docket number as the direct appeal in the case.

only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

Petitioner first claims that his right to effective assistance of counsel was violated because, during trial, his attorney was under the influence of a prescription narcotic rendering

SLIP OPINION

him incompetent and the trial court failed to grant a continuance or hold a hearing to review the fitness of counsel to proceed. Petitioner summarily refers to a number of claims of ineffective assistance of counsel to support this allegation, and he appears to raise additional claims of ineffective assistance of counsel with regard to his direct appeal and petition for postconviction relief.

Petitioner previously raised the issue of ineffective assistance of counsel on direct appeal. *Bean*, 2014 Ark. App. 107, 432 S.W.3d 87. In any event, allegations of ineffective assistance of counsel and trial error are outside the purview of a coram-nobis proceeding. *Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam). Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment may be raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). *Id.* We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *See Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

Petitioner next contends that the conviction of second-degree sexual assault violated his right to be free from multiple prosecutions based on the same conduct or arising from the same criminal episode because the crime was committed during the same criminal episode as Crawford County cases previously filed against him for rape and sexual assault.[2] This issue was settled in an interlocutory appeal. *Bean v. State*, 2012 Ark. App. 643. Affirming the Sebastian

---

[2]On April 28, 2010, a Crawford County jury acquitted petitioner of rape. On March 16, 2011, the Crawford County Circuit Court dismissed a second-degree sexual-assault charge that had been filed against petitioner after he was acquitted of rape. In both of those Crawford County cases, the alleged victim was the same as in the instant case in Sebastian County.

County Circuit Court's denial of petitioner's motion to dismiss the sexual-assault charge, the court of appeals held that there was no evidence that the sexual-assault charge in Sebastian County arose from the same criminal episode as the similar offenses charged in Crawford County and that the sexual-assault charge that arose in Sebastian County had not been before the Crawford County Circuit Court. *Id.* Even if the issue had not been settled by a prior appellate decision, the claim is clearly one of trial error and does not fall within one of the four categories warranting coram-nobis relief. Allegations of trial error, even those of constitutional dimension, do not provide a ground to grant a writ of error coram nobis. *Lukach v. State*, 2014 Ark. 451 (per curiam); *Travis v. State*, 2014 Ark. 82 (per curiam).

With respect to the petition for writ of certiorari, petitioner requests permission to expand the record to include certain pleadings filed in his criminal case in the Sebastian County Circuit Court, Fort Smith District.[3] Petitioner contends that the pleadings support his claim that he was subjected to double jeopardy. Petitioner has not stated a ground on which the writ could be issued. As previously discussed, the court of appeals has already addressed and found no merit to petitioner's double-jeopardy claim. *Bean*, 2012 Ark. App. 643. There is no cause, therefore, on which to permit him to supplement the record to bolster the claims in the petition which are clearly without merit. Accordingly, petition for writ of certiorari is denied.

Petitions denied.

*Joel W. Price*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

---

[3]Attached to the petition for writ of certiorari to complete the record are copies of the criminal docket, felony information, arrest warrant and supporting affidavit, cover sheet, and final disposition of charge report, all of which appear to pertain to Case No. 66CR-11-409. Also attached to the petition are copies of an affidavit for warrant of arrest and a bench warrant, both of which were filed in Crawford County Circuit Court, Case No. 17CR-10-319.