Cite as 2021 Ark. App. 298

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-444

|  |  |
|---|---|
| JAMES N. BYNUM<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** June 2, 2021<br><br>APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT [NO. 64CR-14-104]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## KENNETH S. HIXSON, Judge

Appellant James N. Bynum was convicted in a jury trial of one count of second-degree sexual assault committed against T.H. and one count of second-degree sexual assault committed against C.P. T.H. and C.P. were minors when the offenses were committed. For these offenses, Bynum was sentenced to two concurrent five-year prison terms.

Bynum now appeals, raising four arguments for reversal. His first and third arguments challenge the sufficiency of the evidence supporting his convictions. Bynum's remaining two arguments assign error with respect to the jury instructions and the sentencing order entered by the trial court. We affirm.

This case has a long history and has been to our court twice before. In 2015, Bynum was sentenced to 100 years in prison after a jury found him guilty of ten counts of fourth-degree sexual assault committed against A.H. and one count each of second-degree sexual

assault committed T.H. and C.P. On appeal, this court affirmed the second-degree sexual assaults committed against T.H. and C.P., but we reversed and dismissed the ten convictions for fourth-degree sexual assault committed against A.H. because all of these charges were filed after the applicable statute of limitations had expired. *See Bynum v. State*, 2017 Ark. App. 41, 511 S.W.3d 860 (*Bynum I*).

After our mandate in *Bynum I* was issued, Bynum timely filed a motion for postconviction relief with the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1. The trial court denied Bynum's Rule 37 petition. However, we reversed the trial court's denial of postconviction relief holding that Bynum received ineffective assistance of counsel because his trial counsel had failed to move to dismiss the charges relating to A.H., all of which were clearly barred by the statute of limitations. *See Bynum v. State*, 2018 Ark. App. 477, 561 S.W.3d 755 (*Bynum II*). We held that charging Bynum for twelve offenses instead of two was prejudicial to Bynum as was A.H.'s testimony about the ten time-barred allegations. *Id.* Accordingly, we reversed and remanded for a new trial on the second-degree sexual-assault charges concerning T.H. and C.P.

After being retried on November 1, 2019, the jury again convicted Bynum of one count each of second-degree sexual assault committed against T.H. and C.P. From these convictions, this third appeal (*Bynum III*) arises.

Because all the arguments raised in this appeal are related to the contents of the amended information filed by the State on October 25, 2019, it is necessary to recite the amended information in its entirety. The October 25, 2019, amended information states:

> Comes the Prosecuting Attorney for the FIRST Division of SCOTT County, Arkansas, and in the name and by the authority of the State of Arkansas, charges

2

James N. Bynum with the crimes(s) of **Sexual Assault, Second Degree (8/16/2013[1] and thereafter)** as follows:

**COUNT 1: Sexual Assault, Second Degree (8/16/2013 and thereafter) ARK. CODE ANN. § 5-14-125(a)(6)&(b)(1).** The said defendant in the FIRST Division of SCOTT COUNTY, did unlawfully and feloniously on or about March 1, 2013 and July 31, 2014.

**5-14-125. Sexual assault in the second degree.**

(a) A person commits sexual assault in the second degree if the person:

(1) Engages in sexual contact with another person by forcible compulsion;

(3) Being eighteen (18) years of age or older, engages in sexual contact with another person who is:

(A) Less than fourteen (14) years of age; and

(B) Not the person's spouse;

(4)(A) Engages in sexual contact with a minor and the actor is:

(iii) The minor's guardian, an employee in the minor's school or school district, a temporary caretaker, or a person in a position of trust or authority over the minor.

(B) For purposes of subdivision (a)(4)(A) of this section, consent of the minor is not a defense to a prosecution;

(b)(1) Sexual assault in the second degree is a Class B felony.

Thereby committing the offense of Sexual Assault, Second Degree (8/16/2013 and thereafter), said offense being a CLASS B FELONY against the peace and dignity of the State of Arkansas.

**COUNT 2: Sexual Assault, Second Degree (8/16/2013 and thereafter) ARK. CODE ANN. § 5-14-125(a)(6)&(b)(1).** The said defendant in the FIRST

---

[1]The August 16, 2013, date in the amended information is a reference to the effective date of the 2013 version of the second-degree sexual-assault statute. Previous versions of the second-degree sexual-assault statute contain similar language.

Division of SCOTT COUNTY, did unlawfully and feloniously on or about January 1, 2003 and February 11, 2014.

**5-14-125.  Sexual assault in the second degree.**

    (a)  A person commits sexual assault in the second degree if the person:

        (1) Engages in sexual contact with another person by forcible compulsion;

        (3) Being eighteen (18) years of age or older, engages in sexual contact with another person who is:

            (A)  Less than fourteen (14) years of age; and

            (B)  Not the person's spouse;

        (4)(A) Engages in sexual contact with a minor and the actor is:

            (iii) The minor's guardian, and employee in the minor's school or school district, a temporary caretaker, or a person in a position of trust or authority over the minor.

        (B) For purposes of subdivision (a)(4)(A) of this section, consent of the minor is not a defense to a prosecution;

    (b)(1) Sexual assault in the second degree is a Class B felony.

Thereby committing the offense of Sexual Assault, Second Degree (8/16/2013 and thereafter), said offense being a CLASS B FELONY against the peace and dignity of the State of Arkansas.

As will become more relevant in our discussion *infra* of the points raised in this appeal, the October 25, 2019, amended information differs in two important respects from the September 23, 2015, information that was filed prior to the first trial in this case.  In the bold print following each "COUNT," the 2015 information referenced "Ark. Code Ann. § 5-14-125(a)(1), (3)(A), (4)(A)(iii) & (b)(1)," whereas the 2019 amended information references "Ark. Code Ann. § 5-14-125*(a)(6)* and (b)(1)." (Emphasis added.)   It is

4

undisputed that subdivision (a)(6) of the second-degree sexual-assault statute has no application to this case, and it provides:

> (a) A person commits sexual assault in the second degree if the person:
>
> . . . .
>
> (6) Is a teacher, principal, athletic coach, or counselor in a public or private school in a grade kindergarten through twelve (K-12), in a position of trust or authority, and uses his or her position of trust or authority over the victim to engage in sexual contact with a victim who is:
>
> > (A) A student enrolled in the public or private school; and
> >
> > (B) Less than twenty-one (21) years of age.

Ark. Code Ann. § 5-14-125(a)(6) (Repl. 2013). The other difference between the criminal informations is that the 2015 information alleged that the separate offenses occurred on or about "March 1, 2013 *through* July 31, 2014" and "January 1, 2003 *through* February 11, 2014," whereas the 2019 amended information alleged that the separate offenses occurred on or about "March 1, 2013 *and* July 31, 2014" and "January 1, 2003 *and* February 11, 2014." (Emphasis added.)

Before setting forth the pertinent testimony at this trial, it is important to note how the jury was ultimately instructed in relation to the second-degree sexual-assault charges. The jury was not instructed on Ark. Code Ann. § 5-14-125(a)(6). The jury instructions were instead modeled after Ark. Code Ann. § 5-14-125(a)(3), which provides:

> (a) A person commits sexual assault in the second degree if the person:
>
> . . . .
>
> (3) Being eighteen (18) years of age or older, engages in sexual contact with another person who is:

5

(A) Less than fourteen (14) years of age; and

(b) Not the person's spouse[.]

Ark. Code Ann. § 5-14-125(a)(3). "Sexual Contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(10) (Repl. 2013).

Bynum's wife testified that Bynum was born in 1961 and that she had been married to him for twenty-eight years. She further testified that Bynum had never been married to either T.H. or C.P.

T.H. testified that he was friends with Bynum's son and that he lived with the Bynums for a period of time in the summer of 2013, when T.H. was eleven years old. T.H. stated that there were some nights when Bynum would touch his genitals. T.H. stated that the first time it happened they were staying in a hotel in Hot Springs and that he and Bynum were in the same bed. On that occasion, Bynum put his hands in T.H.'s boxers and touched his genitals. T.H. testified that after that, a similar incident occurred at Bynum's house. T.H. stated that he was sitting in a recliner with Bynum when Bynum "put his hands in my pants and . . . started playing with me like he did in Hot Springs."

On cross-examination, T.H. stated that he did not remember the dates these incidents occurred. Appellant's counsel produced hotel receipts showing that T.H. and Bynum's Hot Springs hotel stay was on June 7 and 8 of 2013. Based on these receipts, T.H.

agreed that the incident in Hot Springs occurred on June 7 or 8 of 2013, and T.H. stated that the incident at Bynum's house happened two weeks after that.[2]

C.P. testified that when he was eleven or twelve years old, he was on a youth basketball team coached by Bynum. C.P. indicated that this was in either 2002 or 2003. C.P. stated that during this time, he would be with Bynum at basketball tournaments, on hunting trips, and at Bynum's house. C.P. testified about an incident that occurred at Bynum's house. C.P. stated, "I don't remember exact dates or anything like that" but said that it happened while he was sleeping in Bynum's bed. C.P. testified that he was lying on his right side, that Bynum was lying on his right side directly behind him, and that Bynum "had his hand down my pants and was putting my hand down his pants." C.P. recalled Bynum telling him that Bynum would "put [his] mouth on it if it didn't have cocoa butter or lotion or something like that." During cross-examination, C.P. agreed that the basketball season probably ran from about December 2002 to February 2003.[3]

Bynum's first and third arguments on appeal raise separate challenges to the sufficiency of the evidence supporting his convictions.[4] When an appellant challenges the sufficiency of the evidence, we review the sufficiency argument (or arguments) prior to a review of any alleged trial errors. *Cogburn v. State*, 2016 Ark. App. 543.

---

[2]In Bynum's testimony, he admitted that T.H. lived with him for four weeks during that time, but he denied ever having touched T.H. inappropriately.

[3]In Bynum's testimony, he admitted coaching C.P. on the 2002–2003 basketball team and that C.P. had been in his house many times. However, Bynum denied ever having touched C.P. inappropriately.

[4]In neither of these points does Bynum contest the evidence that he engaged in sexual contact with the victims.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Watts v. State*, 2021 Ark. App. 115, 618 S.W.3d 458. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will not weigh the evidence or assess credibility, as those are questions for the fact-finder. *Id.*

In Bynum's first argument, he asserts that the amended information filed by the State alleged that he committed second-degree sexual assault by violating Ark. Code Ann. § 5-14-125(a)(6) & (b)(1).[5] Arkansas Code Annotated section 5-14-125(a)(6) (Repl. 2013) provides:

> (a) A person commits sexual assault in the second degree if the person:
>
> . . . .
>
> (6) Is a teacher, principal, athletic coach, or counselor in a public or private school in a grade kindergarten through twelve (K–12), in a position of trust or authority, and uses his or her position of trust or authority over the victim to engage in sexual contact with a victim who is:
>
> > (A) A student enrolled in the public or private school; and
> >
> > (B) Less than twenty-one (21) years of age.[6]

---

[5]Subdivision (b)(1) sets forth the classification of the offense and provides that sexual assault in the second degree is a Class B felony.

[6]The previous version of the statute required that the accused and the victim be employed/enrolled at a public school (as opposed to a private school). *See* Ark. Code Ann. § 5-14-125(a)(6) (Supp. 2011).

Bynum argues that there was no evidence that he was a teacher in a public school nor was there any evidence that either of the victims were enrolled in a public school where he taught. Because these elements were not proved, he contends that there is no substantial evidence to support his convictions.[7]

While we agree that the State did not prove all the elements of subdivision (a)(6)[8] of the second-degree sexual-assault statute, we nonetheless conclude that the State sufficiently proved both charged offenses under a different subdivision of the statute, as had also been alleged in the amended information. Although the amended information cites subdivision (a)(6), it also specifically sets forth the language in Ark. Code Ann. § 5-14-125(a)(3), which provides:

> (a) A person commits sexual assault in the second degree if the person:
>
> . . . .
>
> (3) Being eighteen (18) years of age or older, engages in sexual contact with another person who is:
>
> (A) Less than fourteen (14) years of age; and
>
> (B) Not the person's spouse[.]

---

[7]We note that in his first point on appeal, Bynum also includes a single sentence asserting that the October 25, 2019, amended information did not identify which count applied to which victim, leaving the jury to speculate. However, Bynum made no such argument in his directed-verdict motions. Therefore, this argument is not preserved, and we do not address it. *See* Ark. R. Crim. P. 33.1(a) & (c).

[8]It appears that the State's reference to subdivision (a)(6) in the amended information was likely a scrivener's error as this section was clearly inapplicable to the proof presented at trial.

The jury instruction was proper based on the above subdivision listed in the amended information.  The amended information sufficiently apprised Bynum of the specific nature of the crimes with which he was charged to the extent necessary to enable him to prepare a defense.  *See Walker v. State*, 2019 Ark. App. 130, 571 S.W.3d 70.  The State presented substantial evidence with respect to both charges.  As to both victims, the State presented evidence that, being eighteen years or older, Bynum engaged in sexual contact with another person who was less than fourteen years of age and not his spouse.[9]  This evidence satisfied all the elements of subdivision (a)(3) of the second-degree sexual-assault statute.  Therefore, we reject Bynum's first sufficiency challenge.

Bynum's next sufficiency challenge is based on his claim that the dates listed in the amended information did not correlate to the testimony of either of the victims.  The amended information alleged that count one was committed on or about "March 1, 2013 and July 31, 2014" and that count two was committed on or about "January 1, 2003 and February 11, 2014."  Bynum argues that neither victim testified that any sexual contact occurred on these dates.

This court has held that the testimony of a sexual-assault victim may constitute substantial evidence to support a sexual-assault conviction.  *Wingfield v. State*, 2019 Ark. App. 111, 572 S.W.3d 434.  And it is not necessary for the State to prove specifically when

---

[9]The 2002 version of Ark. Code Ann. § 5-14-125(a)(3), which was in effect when Bynum was alleged to have committed second-degree sexual assault against C.P. on January 1, 2003, stated, "Being eighteen (18) years of age or older, engages in sexual contact *with the sex organs of another person*, not the person's spouse, who is less than (14) fourteen years of age."  (Emphasis added.)  Bynum makes no challenge to the sufficiency of C.P.'s testimony regarding sexual contact under either version of the statute.

and where each act of sexual contact occurred, as time is not an essential element of the crime. *Id.* Generally, the time a crime is alleged to have occurred is not of critical significance unless the date is material to the offense. *Bean v. State*, 2014 Ark. App. 107, 432 S.W.3d 87. This is particularly true with sexual crimes against children. *Id.* Any discrepancies in the evidence concerning the date of the offense are for the jury to resolve. *Id.* In cases of rape (or sexual assault), the evidence is sufficient if the victim gave a full and detailed accounting of the defendant's actions. *Id.* Moreover, when the defense is that the sexual acts never occurred and were entirely fabricated, the lack of exact dates is not prejudicial to the defendant. *Id.*

Applying these principles, Bynum cannot establish that his rights were prejudiced because the exact dates of the offenses are immaterial. Nor was there a lack of evidence to establish these offenses. Here, T.H. and C.P. both testified that Bynum engaged in sexual contact with them when they were less than fourteen years old. Neither T.H. nor C.P. could recall the exact date of the offenses, which had occurred several years before trial. On cross-examination, T.H. agreed that the charged offense committed against him would have been in June 2013, which was reasonably close to the allegation in count one of the amended information that alleged that the offense occurred on or about March 1, 2013. Count two alleged an offense committed on or about January 1, 2013, and C.P. indicated that the offense committed against him would have been between December 2002 and February 2003. Bynum, on the other hand, completely denied any wrongdoing at any time. Under our caselaw, the State was not required to prove the exact dates of these offenses, and we conclude that substantial evidence supports Bynum's convictions.

Bynum's next argument concerns the instructions given to the jury. Over Bynum's objection, the jury was instructed as follows:

James N. Bynum is charged with the offense of sexual assault in the second degree. To sustain this charge the State must prove the following things beyond a reasonable doubt:

First:       That James N. Bynum engaged in sexual contact with [T.H./C.P.], and

Second:    That [T.H./C.P.] was not the spouse of James N. Bynum, and

Third:     That [T.H./C.P.] was less than 14 years of age at the time of the alleged offense and that the Defendant was 18 years or older.

Definitions

"Sexual contact."—means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of another person, or the breast of a female.

Bynum objected to the instruction, instead requesting an instruction based on Ark. Code Ann. § 5-14-125(a)(6), which was cited in the amended information and would require proof that Bynum was a school teacher (or similar school employee) and that the victims were enrolled in the school. The trial court denied that request. Bynum now argues that the trial court erred in overruling his objection. Bynum cites *Renfro v. State*, 331 Ark. 253, 962 S.W.2d 745 (1998), and asserts that jury instructions must include the charges as set out in the information.

A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Gould v. State*, 2014 Ark. App. 543, 444 S.W.3d 408. The standard of review regarding the use of jury instructions is abuse of discretion. *Id.*

12

We hold that the trial court did not abuse its discretion in giving the State's proposed jury instruction and in rejecting Bynum's proposed instruction. As previously stated, the criminal information charged Bynum with violating Ark. Code Ann. § 5-14-125(a)(3), and the instruction given tracked the elements of that subdivision. And there was evidence to support the instruction based on the victims' testimony. Conversely, there was no basis in the evidence to support the giving of Bynum's proposed instruction as there was no evidence that Bynum was employed at a school or that the victims were enrolled in such school. Therefore, we reject Bynum's challenge to the jury instructions given by the trial court.

Bynum's remaining argument is that his conviction for count two committed against C.P. should be reversed because when the alleged offense occurred on or about January 1, 2003, Ark. Code Ann. § 5-14-125(a)(6) had not yet been enacted.[10] However, we reject this argument because the jury convicted Bynum of both offenses under subdivision (a)(3), which was in effect during the time frames for both offenses. The jury did not convict Bynum under subdivision (a)(6). Bynum correctly points out that the sentencing order references Ark. Code Ann. § 5-14-125(a)(6) in regard to both count one and count two. However, this is clearly a scrivener's error given that the jury convicted Bynum under subdivision (a)(3) and not subdivision (a)(6). In *Conery v. State*, 2019 Ark. App. 529, 590 S.W.3d 162, we held that a trial court can enter an order nunc pro tunc any time to correct

---

[10]The first version of subdivision (a)(6) went into effect pursuant to a 2003 amendment.

clerical errors in a judgment or an order. Accordingly, we affirm Bynum's convictions, but we remand for the trial court to correct the sentencing order in this respect. *See id.*

Lastly, we observe that the sentencing order entered by the trial court required Bynum to complete the RSVP (Reduction of Sexual Victimization Program). We have held that requiring an inmate to participate in a special program as a condition of incarceration is an illegal sentence. *Todd v. State*, 2012 Ark. App. 626, 425 S.W.3d 25. In *Jones v. State*, 2010 Ark. App. 280, we recognized that there is statutory authority for a trial court to impose conditions on the defendant when the court suspends the imposition of sentence or places the defendant on probation, but there is no provision that allows a court to place specific conditions on a sentence of incarceration. Although neither party raises the issue, we may address a question of an illegal sentence sua sponte. *Hallman v. State*, 2018 Ark. 336, 561 S.W.3d 305. Therefore, on remand, we instruct the trial court to correct the sentencing order in this respect as well by removing the RSVP requirement.

Affirmed; remanded to correct sentencing order.

ABRAMSON and MURPHY, JJ., agree.

*Weimar Law Office*, by: *DeeAnna Weimar*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

14