

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-17-12

|  |  |  |
|---|---|---|
| MICHAEL TODD | APPELLANT | **Opinion Delivered:** November 8, 2017 |
|  |  | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NO. 29CR-13-78] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
|  |  | AFFIRMED |

## BART F. VIRDEN, Judge

On May 25, 2016, this court affirmed Michael Todd's convictions by a Hempstead County Circuit Court jury for second-degree forgery, breaking or entering, and theft of property, while reversing and dismissing his conviction for commercial burglary. *Todd v. State*, 2016 Ark. App. 280, 494 S.W.3d 444. Todd's petition for review to the Arkansas Supreme Court was denied, and the mandate was entered on July 21, 2016. On September 15, 2016, Todd petitioned the trial court for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. His petition was denied, and Todd appeals to this court for review of the lower court's decision. We affirm.

### I. *Relevant History*

In Todd's Rule 37 petition he raised several claims: (1) the trial court waived personal jurisdiction for failing to inform Todd of the exact nature of the charges against him prior to arraignment, and the trial court fraudulently brought him into the court's jurisdiction by

compelling him to accept a plea of not guilty; (2) the trial court waived in rem jurisdiction because the elected prosecutor failed to provide her signature on the information, and the deputy prosecutor lacked the constitutional authority to sign the information; and (3) Todd's trial counsel was ineffective for failing to conduct an investigation into the information, for failing to move for a directed verdict at the close of the State's case, for failing to subpoena Todd as a witness, and for failing to object to the jury instructions for each count in the amended felony information.

Without holding a hearing, the trial court denied Todd's petition on October 6, 2016, for the following reasons: (1) that Todd's petition was untimely; (2) that the trial court maintained personal jurisdiction over Todd, and that "in rem" jurisdiction did not apply to a criminal information; (3) the signature of the deputy prosecuting attorney on the criminal information was sufficient; and (4) despite Todd's claim to the contrary, his trial counsel moved for a directed verdict at the close of the State's case in chief and after the defense presented its case. The trial court also stated that "Any claims not addressed in this order are also denied and dismissed with prejudice."

Todd filed a notice of appeal on October 31, 2016. On appeal, Todd submits a one-page argument in which he contends that the trial court erred in denying his Rule 37 petition. Appellant's argument is rather unclear, but as best we can determine, he has three main points on appeal: (1) the trial court erred in determining that his appeal was untimely; (2) the trial court erred in not making the required findings of fact in its order denying Rule 37 relief; and (3) the trial court erred by not specifically addressing his remaining claims of ineffective assistance of counsel. We affirm.



## II. *Standard of Review and Applicable Law*

This court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Watson v. State*, 2014 Ark. 203, at 2-4, 444 S.W.3d 835, 838-39. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the totality of the evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.*

## III. *Issues on Appeal*

### A. Timeliness of Appeal

Todd is correct that his petition was lodged in a timely fashion and that the trial court erred in denying it on the basis of untimeliness. Todd's petition was due on September 19, 2016, and it was file marked by the Hempstead County clerk on September 21, 2016; however, the petition is considered filed on September 15, 2016, which is the date Todd deposited the petition into the prison mailing system. Rule 37.2(g) sets forth the filing requirements for pro se petitioners who are inmates in a State-run facility:

> [A] petition filed pro se by a person confined in a correctional or detention facility that is not timely under the provisions of subsection (c) of this rule shall be deemed filed on the date of its deposit in the facility's legal mail system if the following conditions are satisfied:
>
> (i) on the date the petition is deposited in the mail, the petitioner is confined in a state correctional facility, a federal correctional facility, or a regional or county detention facility that maintains a system designed for legal mail; and
>
> (ii) the petition is filed pro se; and
>
> (iii) the petition is deposited with first-class postage prepaid, addressed to the clerk of the circuit court; and
>
> (iv) the petition contains a notarized statement by the petitioner as follows:

> **"I declare under penalty of perjury: that I am incarcerated in _____** [*name of facility*]; **that I am filing this petition pro se; that the petition is being deposited in the facility's legal mail system on _____** [*date*];
> **that first-class postage has been prepaid; and that the petition is being mailed to _____** [*list the name and address of each person served with a copy of the petition*].
>
> _____
> **(Signature)**
>
> **[NOTARY]**"
>
> The envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition.

(Emphasis in the original.)

Our review of Todd's petition shows that he complied with the terms of subsection (g), and his petition was timely filed.

As we stated above, timeliness of filing is not the sole reason the trial court denied Todd's petition for Rule 37 relief. The trial court also denied Todd's petition on the bases that the trial court maintained its jurisdiction and that in rem jurisdiction did not apply to a criminal information; that the deputy prosecutor's signature on the information was sufficient; and that Todd's trial counsel moved for a directed verdict at the proper times. Because there are other valid bases that support the trial court's denial of Todd's petition, the error regarding timeliness of filing is not cause for reversal.

### B. The Trial Court's Failure to Make Written Findings

Todd also argues that the trial court failed to make the required written findings in denying his petition, thus this court must reverse. We disagree.

Arkansas Rule of Criminal Procedure 37.3 requires the trial court to provide written findings specifying the parts of the files or record relied upon to dismiss a Rule 37.1 petition

without a hearing. *See* Ark. R. Crim. P. 37.3(a); *Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390 (per curiam). This court will reverse if the trial court fails to make such findings, except in cases where it can be determined from the record that the petition is without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Olivarez v. State*, 2012 Ark. 24, 2012 WL 234632 (per curiam); *Richardson v. State*, 2011 Ark. 478, 2011 WL 5437570 (per curiam).

The trial court failed to make findings of fact regarding some of the bases set forth in its order denying Rule 37 relief; however, the record clearly demonstrates that Todd's claims are meritless, and the petition is conclusive on its face that no relief is warranted.[1]

### 1. *Personal and in rem jurisdiction*

In its order, the trial court found that "[i]n rem jurisdiction does not apply to a criminal information, nor does it apply to any aspect of this case. In rem only pertains to actions against property, not persons. This court did have personal jurisdiction over the defendant, and that jurisdiction was never waived." While the court did not make specific findings of fact, Todd's claims are legally unsound. In rem jurisdiction is the "court's power

---

[1]Todd argued below that the trial court erred when it denied Todd's claim that his attorney had not made a directed verdict motion at the proper time. In the order, the trial court made specific findings that Todd's attorney made a directed verdict motion at the close of the State's case in chief, and after the defense's rebuttal. On direct appeal, this Court determined that there was sufficient evidence to convict Todd for the breaking or entering of Fallon Langston's car, clearly rejecting any argument that a sufficiency challenge was not preserved. *Todd*, 2016 Ark. App. 280, at 9, 494 S.W.3d at 451. Because the circuit court pointed to a specific location from which it based its ruling, and the trial record directly contradicts Todd's claim, any argument regarding the directed verdict is meritless.

to adjudicate the rights to a given piece of property, including the power to seize and hold it." Black's Law Dictionary (10th ed. 2014). In rem jurisdiction had no role in Todd's trial on the criminal charges. Furthermore, there is nothing in the record supporting Todd's argument that personal jurisdiction was waived or fraudulently obtained. It is conclusive on the face of the petition that Todd's requests for relief based on in rem and personal jurisdiction are meritless.

### 2. *The felony information*

Regarding Todd's challenge to adequacy of the deputy prosecutor's signature on the felony information, the trial court found that "[t]he elected prosecuting attorney is not required to sign a felony information when the deputy prosecuting attorney signs on his/her behalf as long as the elected prosecuting attorney's name is made clear in the felony information." Todd was required to raise any challenge to the information on direct appeal, and he is barred from raising it for the first time during the course of his postconviction proceedings. *See Howard v. State*, 367 Ark. 18, 28, 238 S.W.3d 24, 33 (2006). Furthermore, Todd's claim is on its face without merit, as the trial court's statement of law regarding adequacy of the signature of the deputy prosecutor is correct. *See* Ark. Code Ann. § 16–21–113(2).

### 3. *The trial court's blanket denial of Todd's remaining claims*

Todd's remaining claims that his trial counsel was ineffective for failing to conduct an investigation into the information, for failing to subpoena Todd as a witness, and for failing to object to the jury instructions for each count in the amended felony information, were denied in the following blanket statement by the court: "[a]ny claims not addressed in

this order are also denied and dismissed with prejudice."[2] Clearly, the trial court did not make findings of fact regarding these bases for denial, and the issue for this court is whether it is clear from the record that these ineffective-assistance-of-counsel claims are meritless or whether it is conclusive on the face of the petition that no relief is warranted. *See Oliverez, supra.*

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner raising a claim of ineffective assistance must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense, such that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

---

[2]Todd argued below that his attorney's failure to investigate the criminal information, which would have led to the discovery of the deputy prosecuting attorney's signature rather than the elected prosecuting attorney's signature, is evidence of ineffective assistance of counsel. It is clear from our previous discussion regarding the validity of the deputy prosecuting attorney's signature that Todd cannot show error here.

Todd's attorney did not call him as a witness at his trial. Todd argued below that his testimony would have been that he did not break into a vehicle or take property from that vehicle, and that this testimony would have "negated the essential elements and/or elements of the Count #1 Breaking or Entering and Count #3 Theft of Property as charged." Under the second requirement set forth in *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694; *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. Matters of trial strategy and tactics fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel; furthermore, counsel is allowed great leeway in making strategic and tactical decisions. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802.

Had Todd been called as a witness, he would have been subject to cross-examination regarding his prior statement to police that he took a checkbook from the victim's car. Todd's testimony would not have negated whether there was sufficient evidence to deny a motion for a directed verdict. *See Sweet v. State*, 2011 Ark. 20, at 9, 370 S.W.3d 510, 518 (Evidence is viewed in the light most favorable to the State, considering only the evidence that would support the guilty verdict.)

Todd also argued below that his attorney failed to object to the modification of the jury instructions. This is a pro se appeal, and Todd's brief is often difficult to understand; however, it appears that in his Rule 37 petition below Todd alleged that counsel failed to object when the trial court amended the jury instructions. Todd argued that the non-standard jury instructions "had the effect of directing the verdict to the State" and "allowed

the trial court to constructively amend the felony information for the State[.]" Our review of the record shows that the jury instructions read to the jury regarding the breaking or entering charge, the theft of property charge, and the second-degree forgery charge in no way deviated from the model jury instructions, and thus, it is clear from the record that no ineffective-assistance-of-counsel-claim could stem from Todd's attorney's failure to object to the jury instructions.

Affirmed.

GLOVER and MURPHY, JJ., agree.

*Michael Todd*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.