21. That during the above stated trial, the jury took notes, were attentive and were able [sic] placed in a position in which they were able to make informed decisions about the credibility *761 of the witnesses, the evidence and allegations.
22. That in consideration of the totality of the allegations, court record, pleadings, transcripts and sentencing documents, the Court does hereby find that the defendant/petitioner has failed to meet his burden of proof and that his Petition For Relief Under Rule 37, Ark. R. Crim. P., is hereby denied/dismissed.
This appeal followed.
We do not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. Vaughn v. State , 2017 Ark. App. 241, 519 S.W.3d 717. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with a definite and firm conviction that a mistake has been committed. Id. In making a determination on a claim of ineffective assistance of counsel, we consider the totality of the circumstances. Id.
Our standard of review also requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Conley v. State , 2014 Ark. 172, 433 S.W.3d 234. In asserting ineffective assistance of counsel under Strickland , the petitioner must first demonstrate that counsel's performance was deficient. Sartin v. State , 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Id. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Id.
Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. Conley, supra. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id.
Unless a petitioner makes both Strickland showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. We also recognize that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." Anderson v. State , 2011 Ark. 488, at 3, 385 S.W.3d 783, 787 (quoting Strickland , 466 U.S. at 697, 104 S.Ct. 2052 ).
Mr. Bynum's first argument on appeal is that the trial court erred in finding that his Rule 37 petition was untimely filed 120 days after the issuance of the court of appeals mandate. Mr. Bynum is correct that the trial court erred in this regard. Our mandate was issued on March 30, 2017,[4] and Mr. Bynum filed his initial *762 petition on May 25, 2017. Thus, he timely filed his petition, since it was filed within 60 days of the issuance of the mandate.[5]
Although the trial court erred in finding that Mr. Bynum's petition was filed outside the 60-day time limit, this mistake is of no moment because the trial court nonetheless ruled on the merits of the petition. In Todd v. State , 2017 Ark. App. 587, 535 S.W.3d 638, we affirmed the trial court's order denying postconviction relief even though the trial court had erroneously found that the petition was untimely filed. We held that because there were other valid bases that supported the trial court's denial of the petition, the error regarding timeliness of filing was not cause for reversal. Id. In the present case, the trial court addressed and rejected the merits of Mr. Bynum's petition in its order denying relief; it did not dismiss the petition as untimely. Therefore, the trial court's error regarding the timeliness of the petition was harmless, and we review the merits of the trial court's decision.
Mr. Bynum's next argument is that the trial court erred in ruling that his trial counsel was not ineffective in his representation. Mr. Bynum argues that his counsel was ineffective for failing either before trial or at trial to move to dismiss the ten counts of fourth-degree sexual assault committed against A.H. As we held on direct appeal, those charges were barred by the statute of limitations, and we reversed and dismissed those convictions. Mr. Bynum contends that had there been a motion to dismiss at trial, these charges would have been dismissed and A.H.'s testimony would have either been excluded or subject to a limiting instruction. Mr. Bynum thus claims that, in addition to failing to request dismissal of these charges, his counsel was ineffective for not objecting to A.H.'s testimony or requesting a limiting instruction. Mr. Bynum asserts that he was prejudiced by A.H.'s testimony because it was before the jury when it considered the two charges of second-degree sexual assault against T.H. and C.P., and the jury convicted him of these two charges and returned maximum sentences. Mr. Bynum argues that because the jury heard testimony about twelve charges instead of two, this undermined confidence in the outcome of the trial.
Mr. Bynum asserts further that his trial counsel was ineffective for not objecting to the testimony of T.H. and C.P. concerning alleged acts committed by Mr. Bynum against them outside the jurisdiction of the trial court. In particular, he argues that there should have been an objection, or at least a request for a limiting instruction, with respect to the conduct that allegedly occurred in Hot Springs and Tulsa, Oklahoma.
Under the first Strickland prong, we must first consider whether Mr. Bynum's counsel was deficient. We have no hesitancy in concluding that he was. At the time the criminal information was filed charging Mr. Bynum with these offenses, the statute of limitations for the ten counts of fourth-degree sexual assault allegedly committed against A.H. had been expired for five years. Notwithstanding this easily ascertainable fact, Mr. Bynum's counsel failed to move to dismiss the time-barred offenses either before or at trial. The jury convicted Mr. Bynum on all these charges, as well as the remaining two charges for second-degree sexual assault, and gave him the maximum sentences. Although Mr. Bynum's counsel was able to get the ten fourth-degree sexual-assault charges dismissed on direct appeal because this is a *763 jurisdictional issue that cannot be waived, this does not negate counsel's ineffectiveness for failing to raise the issue at trial. Such failure by counsel could not have been the result of reasonable professional judgment; it was a serious error falling below the acceptable range of assistance guaranteed by the Sixth Amendment. We also conclude that counsel was ineffective for not objecting to the testimony of T.H. and C.P., or at least asking for a limiting instruction, with respect to the events that occurred outside the trial court's jurisdiction and with which Mr. Bynum was not charged. This, too, could not have been a matter of trial strategy. Having concluded that Mr. Bynum's counsel was deficient, we proceed to the second prong of the two-prong test.
Under the second Strickland prong, it was Mr. Bynum's burden to show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. This required him to show that there is a reasonable probability-that is, a probability sufficient to undermine the outcome of the trial-that the decision reached by the jury would have been different absent counsel's errors. The "decision reached" includes possible prejudice in sentencing as well as the finding of guilt. Lasiter v. State , 290 Ark. 96, 717 S.W.2d 198 (1986).
We hold that the trial court clearly erred in not finding that Mr. Bynum's counsel's deficient performance prejudiced the defense. In its order denying Mr. Bynum's petition, the trial court found that with or without the ten charges filed against Mr. Bynum pertaining to A.H., A.H.'s testimony would have been admissible under the pedophile exception. However, had counsel moved to dismiss the charges relating to A.H., the trial court would have dismissed those charges and it is unknown under those circumstances whether A.H. would have agreed to testify. But even assuming that A.H. would have nonetheless testified and assuming the testimony would have been admitted under the pedophile exception, this would still not cure the prejudice to the defense. Under this scenario, the jury would have been called on to decide whether Mr. Bynum was guilty of only two charges against two victims as opposed to twelve charges against three victims. We believe the fact of being charged with twelve crimes instead of two was, in itself, prejudicial to Mr. Bynum. Couple that with the fact that, at the jury trial Mr. Bynum received, the jury was given no limiting instruction on A.H.'s testimony, which he would have undoubtedly been entitled to had the charges relating to A.H. been dismissed. Pursuant to Rule 404(b), the jury would have been given a cautionary instruction that evidence of other alleged crimes, wrongs, or acts of the defendant may not be considered to prove that he acted in conformity therewith; that the evidence is not to be considered to establish a particular trait of character he may have, nor is it to be considered to show that he acted similarly or accordingly on the day of the charged incidents; but that the evidence is merely offered as evidence of such things as opportunity, intent, or plan to commit the charged offenses. See AMI Crim. 2d 203-A. Similarly, had counsel raised a proper objection to the testimony of T.H. and C.P. concerning the uncharged acts that allegedly occurred outside the trial court's jurisdiction, at a minimum this testimony would have been subject to a limiting instruction of this nature. Such limiting instructions clearly inure to the benefit of the accused and could reasonably change the outcome of the trial or the sentences imposed. We observe that, at the conclusion of these proceedings in which Mr. *764 Bynum's counsel was deficient, the jury sentenced Mr. Bynum to maximum prison terms on all twelve counts, which were ordered to be served consecutively. Under these circumstances, we hold that there was a reasonable probability that the outcome of the trial would have been different had Mr. Bynum's counsel not been deficient. Because we reverse and remand for retrial for this reason, we need not address Mr. Bynum's remaining argument that the trial court should have conducted a hearing.
Reversed and remanded.
Glover and Vaught, JJ., agree.

The trial court's order incorrectly stated that the mandate was issued on January 25, 2017.

The later-filed amended petition was also considered timely because it was filed with leave of the trial court. See Barrow v. State , 2012 Ark. 197, 2012 WL 1631806.